Honorable John Wilson, Chairman Committee on Health and Welfare House of Representatives Austin, Texas
Re: Whether consent of next-of-kin is required for the taking of corneal tissue from a decedent under H.B. 307.
Dear Chairman Wilson:
You have requested our opinion concerning the following question:
 May a medical examiner or justice of the peace permit the removal of corneal tissue by an eye bank official from a decedent who dies under circumstances requiring an inquest without the prior consent of the decedent's next-of-kin?
You have referred us to article 4590-4, V.T.C.S., enacted as House Bill 307 of the 65th Legislature, which provides in part:
 Section 1. On a request from an authorized official of a nonprofit corporation chartered under the laws of Texas, to obtain, store, and distribute donor eyes to be used by those licensed to practice medicine for corneal transplants, for research, or for other medical purposes and whose medical activities are directed by one licensed to practice medicine in Texas, for corneal tissue, the justice of the peace or the medical examiner may permit the taking of corneal tissue if:
 (1) the decedent from whom the tissue is to be taken died under circumstances requiring an inquest by the justice of the peace or the medical examiner;
 (2) no objection by a person listed in Section 2 of this Act is known by the justice of the peace or the medical examiner; and
 (3) the removal of corneal tissue will not interfere with the subsequent course of an investigation or autopsy, or alter the postmortem facial appearance.
. . . .
Sec. 3. The justice of the peace, the medical examiner, and the eye bank official are not liable for damages in a civil action brought by a person listed in Section 2 of this Act who has not objected prior to the removal of the corneal tissue on any theory of civil recovery based on a contention that the consent of plaintiff was required prior to the removal of corneal tissue as authorized by this Act.
Acts 1977, 6th Leg., ch. 11, at. 26-27. Section 2 of the Bill provides for objections by certain relatives.
In light of the positive authorization in section 1 and the protection from liability in section 3 it is abundantly clear that, so long as no objection has been made, consent of next-of-kin is not necessary for the removal of corneal tissue from a decedent who died under circumstances requiring an inquest. See generally Love v. Aetna Casualty Surety Co.,99 S.W.2d 646 (Tex.Civ.App.-Beaumont 1936), aff'd, 121 S.W.2d 986
(Tex. Comm'n App. 1938, opinion adopted).
 SUMMARY
A medical examiner or justice of the peace may permit the removal of corneal tissue by an eye bank official for a decedent who dies under circumstances requiring an inquest without the prior consent of the decedent's next-of-kin.
Very truly yours,
John L. Hill Attorney General of Texas
APPROVED:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee